UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THOMAS I HICKEY, III, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:07-cr-00073-JAW-1 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER ON 28 U.S.C. § 2255 MOTION**

A petitioner moves the Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Because the petitioner and the government agree that the petitioner's sentence was based on his prior convictions and the enhanced penalties of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and because the parties agree and the record establishes that subsequent legal developments require resentencing, the Court grants the motion.

**I.  BACKGROUND**

On July 2, 2009, following a guilty plea, Thomas I. Hickey, III, was convicted of being a felon in possession of a firearm. *J.* (ECF No. 67). The Probation Officer noted that Mr. Hickey had many convictions that qualified as "violent felonies" under the ACCA. *Revised Presentence Investigation Report* ¶¶ 20, 21, 23, 25, 27, 34, 35, 41 (*PSR*). A person who has been convicted of a felony who then possesses a firearm ordinarily faces a fine, imprisonment for "not more than 10 years," and not more than three years of supervised release. 18 U.S.C. §§ 922(g), 924(a)(2), 3559, 3583. Under the ACCA penalty provision, however, a felon in possession of a firearm who "has

three previous convictions . . . for a violent felony or a serious drug offense" faces a fine, imprisonment for "not less than fifteen years," and not more than five years of supervised release. 18 U.S.C. §§ 922(g), 924(e), 3559, 3583.

The ACCA defines the term "violent felony" as a crime punishable by imprisonment for more than one year that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," (2) "is burglary, arson, or extortion, [or] involves use of explosives," or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another . . . ." 18 U.S.C. § 924(e)(2)(B). The first part of the definition is known as the "force clause," the second part is known as the "enumerated offenses clause," and the third is known as the "residual clause." *See United States v. Frates*, 896 F.3d 93, 96 (1st Cir. 2018).

Although Mr. Hickey was subject to the enhanced penalties of the ACCA, the Government moved for a shorter sentence pursuant to United States Sentencing Guideline section 5K1.1 and 18 U.S.C. 3553(e). *Mot. for Downward Departure and to Seal* (ECF No. 63); *Order* (ECF No. 66). On July 2, 2009, the Court sentenced Mr. Hickey to ninety-nine months in prison followed by five years of supervised release. *J.* On August 14, 2015, Mr. Hickey was released from the custody of the Bureau of Prisons and began serving his term of supervised release, which supervision the Court transferred to the United States District Court of Massachusetts on March 9, 2016. *Transfer of Jurisdiction Order* (ECF No. 69).

2

On June 26, 2015, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015) (*Johnson II*), which held that the residual clause of the ACCA's definition of the term "violent felony" was unconstitutionally vague. *Id.* at 2562-63. The Supreme Court later confirmed that the holding of *Johnson II* is applicable retroactively during postconviction review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

On June 17, 2019, Mr. Hickey moved the Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence* (ECF No. 70) (*Pet'r's Mot.*). On September 27, 2019, the Government responded to the motion. *Gov't's Resp. to Mot. to Correct Sentence Under 28 U.S.C. § 2255* (ECF No. 79) (*Gov't's Resp.*).

## II. DISCUSSION

Thomas I. Hickey, III, claims that he should not have been subject to the ACCA penalty provision because many of his prior convictions do not qualify as predicate offenses in light of *Johnson II*. *Pet'r's Mot.* at 4-5. The Government agrees that the § 2255 motion should be granted because without the residual clause, only two of Mr. Hickey's prior convictions qualify as violent felonies under the Supreme Court's categorical approach to interpreting and applying the enumerated offense clause and the force clause. *See Gov't's Resp.* at 4-6.

The Government explains that a series of cases decided after Mr. Hickey's sentencing has clarified that Mr. Hickey's five Massachusetts convictions for armed robbery do not qualify as predicates, *see United States v. Starks*, 861 F.3d 306, 320-23 (1st Cir. 2017); Mr. Hickey's Massachusetts conviction for breaking and entering

in the nighttime does not qualify as a predicate, *see United States v. Farrell*, 672 F.3d 27, 32-37 (1st Cir. 2012), *United States v. Brown*, 631 F.3d 573, 576-80 (1st Cir. 2011); and Mr. Hickey's four Massachusetts convictions for stealing by confining or putting in fear do not qualify as predicates. *See, e.g.*, *Collins v. United States*, 354 F. Supp. 3d 105, 117 (D. Mass. 2019).

Because the parties agree that under *Johnson II* and other cases Mr. Hickey would not be subject to the enhanced penalties under ACCA and because the Government has intentionally waived the statute of limitations defense, *see Gov't's Resp.* at 3 n.2, Mr. Hickey is entitled to relief pursuant to 28 U.S.C. § 2255.

### III. CONCLUSION

The Court GRANTS Thomas I. Hickey, III's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 70). The Court ORDERS the Probation Office to prepare a new presentence investigation report and requests the Clerk to schedule a conference of counsel so that the Court can discuss resentencing with the Government attorney and Mr. Hickey's counsel.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, Jr.
UNITED STATES DISTRICT JUDGE

Dated this 17th day of January, 2020.